UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MOLDEX-METRIC, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MCKEON PRODUCTS, INC, a Michigan corporation,<br><br>    Defendant. | CASE NO. 18-cv-06953-DSF-GJS<br><br>**PROTECTIVE ORDER BASED ON STIPULATION OF THE PARTIES**<br><br>**NOTE CHANGES MADE BY THE COURT IN BOLD** |
|---|---|

I. GENERAL
   A. PURPOSES AND LIMITATIONS

   Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

   B. GOOD CAUSE STATEMENT

   This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such

information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as HIGHLY CONFIDENTIAL or CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For

each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

II. DEFINITIONS

    A. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    B. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    C. <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their support staff).

    D. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

    E. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1    F.   Expert: a person with specialized knowledge or experience who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

G.   "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," public disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means.

H.   House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I.   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J.   Outside Counsel of Record: attorneys who are not employees of a party but are retained to represent or advise a party and have appeared on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

K.   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L.   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

M.   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1    N.    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY."

O.    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

III.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

IV.   DURATION

**Once a case proceeds to trial, information that was designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY, or maintained pursuant to this protective order that is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons**

**supported by specific factual findings to proceed otherwise are made to the trial judge in advance of trial.** *See Kamakana,* **447 F.3d at 1180-81 (distringuishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of the court record). Accordingly, for materials used or marked at trial, the terms of this protective order do not extend beyond the commencement of trial.**

V. <u>DESIGNATING PROTECTED MATERIAL</u>

    A. <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken or new designation.

    B. <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

under this Order must be clearly so designated before the material is disclosed or produced by the Designating Party.

Designation in conformity with this Order requires:

    1.    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" to every page of any document that contains protected material. Upon a specific request from a Receiving Party, the portion or portions of the material on each page of any document that qualifies for protection, the Producing Party shall identify the protected portion(s) (e.g., by making appropriate markings in the margins) and shall specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY to every page of any document that contains Protected Material. Upon a specific request from a Receiving Party, the portion or portions of the material on each page of any document that qualifies for protection, the Producing Party shall identify the protected portion(s) (e.g., by making appropriate markings in the margins) and shall specify, for each portion, the level of protection being asserted.

1                    2.       for testimony given in deposition or in other pretrial or trial
2  proceedings, that the Designating Party identifies on the record, before the close of
3  the deposition, hearing, or other proceeding, all protected testimony and specify the
4  level of protection being asserted. When it is impractical to identify separately each
5  portion of testimony that is entitled to protection and it appears that substantial
6  portions of the testimony may qualify for protection, the Designating Party may
7  invoke on the record (before the deposition, hearing, or other proceeding is
8  concluded) a right to have up to 21 days from receipt of a final transcript to identify
9  the specific portions of the testimony as to which protection is sought and to specify
10 the level of protection being asserted. Only those portions of the testimony that are
11 appropriately designated for protection within the 21 days shall be covered by the
12 provisions of this Stipulated Protective Order. Alternatively, a Designating Party
13 may specify, at the deposition or up to 21 days afterwards if that period is properly
14 invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or
15 "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."
16         Parties shall give the other parties notice if they reasonably expect a
17 deposition, hearing or other proceeding to include Protected Material so that the
18 other parties can ensure that only authorized individuals who have signed the
19 "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those
20 proceedings. The use of a document as an exhibit at a deposition shall not in any
21 way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
22 —ATTORNEYS' EYES ONLY."
23         Transcripts containing Protected Material shall have an obvious legend on the
24 title page that the transcript contains Protected Material, and the title page shall be
25 followed by a list of all pages (including line numbers as appropriate) that have been
26 designated as Protected Material and the level of protection being asserted by the
27 Designating Party. The Designating Party shall inform the court reporter of these
28 requirements. Any transcript that is prepared before the expiration of a 21-day

period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

      3. for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

    C. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    A. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    B. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

    C. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party **shall follow this Court's procedures for raising discovery disputes set forth in the Court's procedures, located on the Court's website. Note that the Court does not use the Joint Stipulation format set forth in the Local Rules. Failure by the Designating Party to meet and**

**confer to schedule a telephonic hearing with the Court as required by the Court's procedures, within the time limits set by those procedures, or to oppose a properly filed motion within any time limitations set by the Court, shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may initiate the Court's discovery dispute procedures at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.**

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a Joint Stipulation to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

VII. ACCESS TO AND USE OF PROTECTED MATERIAL

A. Basic Principles. A Receiving Party may disclose Protected Material only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1. the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

2. the officers, directors, and employees (including House Counsel) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3. Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4. the court and its personnel;

5. court reporters and their staff, professional jury or trial consultants, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6. during their depositions, witnesses, and attorneys for witnesses, to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

7. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

C. Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY". Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

-11-

1.     the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

2.     Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3.     the court and its personnel;

4.     court reporters and their staff, professional jury or trial consultants, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5.     during their depositions, witnesses, and attorneys for witnesses, to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

6.     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

VIII. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED  PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels public disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" that Party must:

1. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[1]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

1. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENT " or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

      2.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      (a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non- Party;

      (b)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      (c)    make the information requested available for inspection by the Non-Party.

      3.    If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[2] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1  X.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

XI.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

XII.  MISCELLANEOUS

A.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

B.  <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

1  Stipulated Protective Order.  Similarly, no Party waives any right to object on any
2  ground to use in evidence of any of the material covered by this Protective Order.

        C.      <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79 unless otherwise instructed by the court.

XIII. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, each Receiving Party must return all Protected Material to the Producing Party or, destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

**Final disposition of the action shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.**

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 13, 2019  QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Joseph M. Paunovich*
  Joseph M. Paunovich
  Matthew Hosen
  Ali Moghaddas
  Attorneys for Plaintiff Moldex-Metric, Inc.

DATED: February 13, 2019

By */s/ Steven M. Weinberg*
  Steven M. Weinberg
  Robert L. Meylan
  Attorneys for Defendant
  McKeon Products, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: February 13, 2019

_____
GAIL J. STANDISH
UNITED MAGISTRATE JUDGE

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Moldex-Metric, Inc. v. McKeon Products, Inc.*, Case No. 18-cv-06953-DSF-GJS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____